Hernández Torres, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos los demandantes apelantes, Edgar Serrano Quiles, Brenda Calderón Dones y la Sociedad Legal de Gananciales compuesta por ambos, para solicitar la revisión de la sentencia emitida por el Tribunal de Primera Instancia, Sala de Carolina, el 20 de febrero 'de 2001, notificada y archivada el 26 de febrero de 2001. En esta sentencia, el Tribunal de Primera Instancia desestimó con perjuicio el caso de epígrafe a tenor con la disposición de la Regla 39.2 (b) de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 39.2 (b).
Examinado el expediente ante nuestra consideración así como el derecho aplicable revocamos la sentencia apelada.
I
El 14 de junio de 1999, Edgar Serrano Quiles, Brenda Calderón Dones y la sociedad legal de gananciales compuesta por ambos, radicaron demanda sobre daños y perjuicios en el Tribunal de Primera Instancia, Sala de Carolina, por los alegados daños sufridos por un accidente ocurrido el 6 de julio de 1998 en las tiendas Sherwin Williams en Carolina. La demandada Sherwin Williams compareció contestando la demanda el día 29 de septiembre de 1999. Luego que el Tribunal de Primera Instancia aceptara la contestación a la demanda señaló Vista Sobre el Estado de los Procedimientos para el 20 de diciembre de 1999.
La parte demandante, para la fecha de 10 de noviembre de 1999, le envió una misiva al Ledo. Juan A. Márques Díaz, abogado de la parte demandada, acompañada de copia de los récords médicos, facturas médicas y fotografías del co-demandante-apelante Edgar Serrano. El día de la Vista Sobre el Estado de los Procedimientos se hace constar que la parte demandante-apelante "está gestionando la prueba documental sobre la pérdida de ingreso y que ya pautó una cita con el perito que se propone utilizar." La parte demandada declaró que "va a esperar el informe del perito de la demandante y que le faltan las planillas de contribuciones *737 sobre ingresos de los últimos cinco años, radiografías y autorización para solicitar récords médicos." Una vez concluida la Vista Sobre el Estado de los Procedimientos, el tribunal señaló Conferencia con Antelación al Juicio para la fecha de 24 de marzo de 2000 y recordó que para esa fecha "el descubrimiento de prueba estará concluido o bien adelantado."
Para el 3 de enero de 2000, la parte demandante solicitó permiso al tribunal para enmendar la demanda y someter demanda enmendada. El 28 de enero de 2000, el tribunal de primera instancia emite una orden aceptando la enmienda. La parte demandada se opone a la enmienda alegando que nunca fue notificada de la moción solicitando enmienda a la demanda y solicita al tribunal que se deje sin efecto la orden aceptando la enmienda a la demanda. En esta misma fecha, le envía una carta a la Leda.. Zambrana notificándole copia de la deposición que se le tomó al Sr. Serrano el 10 de diciembre de 1999. También le recuerda en esta misma carta que quedó en suplirles las planillas de contribuciones sobre ingresos, las radiografías de la fractura y las autorizaciones para obtener récords médicos. Para el 14 de febrero de 2000, la Leda. Zambrana le envió una carta al Ledo. Márques Díaz, abogado de la parte demandada, en la cual reconoce que le tiene que remitir unos documentos y que se encuentra gestionando los mismos. Ese mismo día, ella presentó moción informativa al tribunal en la cual le indica que ya le había notificado al Ledo. Márques (abogado de récord de la parte demandada), la moción sobre enmienda a la demanda. El 9 de marzo presentó moción en la cual se opone a la enmienda a la demanda. En su inciso séptimo enumera otra vez los mismos documentos que le solicitó mediante carta de 9 de febrero de 2000 a la Leda. Zambrana; estos son los siguientes: planilla de contribuciones sobre ingresos, radiografías de las fracturas y las autorizaciones para obtener récords médicos. El Tribunal de Instancia resuelve el 17 de marzo de 2000 aceptar la enmienda y en cuanto al descubrimiento de prueba le concede a la demandante cinco (5) días para que produzca la prueba, y de ésta no producirse no se autorizará su uso futuro.
El 24 de marzo de 2000, el foro de instancia celebra una vista y de la minuta surge que la Leda. Zambrana informa sobre gestiones que ha realizado para obtener los documentos que le solicitaron. En esta vista el tribunal reitera que la prueba que no se provea para la Conferencia con Antelación al Juicio no se admitirá en el juicio y se le concede cinco (5) días para someter la (sic) "evidencia" o "desistir de su causa de acción." El último párrafo de la minuta establece además que "de no cumplir cabal y oportunamente con esta última oportunidad, el Tribunal habrá de desestimar su causa de acción por abandono y por el reiterado incumplimiento de las órdenes emitidas por el mismo."
En el mes de marzo de 2000, la Leda. Zambrana realizó una serie de gestiones dirigidas a cumplir con el descubrimiento de prueba que se le había solicitado. El 27 de marzo de 2000 la Leda. Zambrana envía carta al Dr. Angelo Coppola solicitando copia de los récords médicos y carta al Centro de Diagnóstico y Tratamiento del Municipio de Carolina solicitando copia de los récords médicos. Para el 28 de marzo de 2000, la Leda. Zambrana entrega carta a la mano del Ledo. Márques que contiene la autorización del Sr. Edgar Serrano para que se obtengan sus récords médicos y las radiografías de la fractura. El 29 de marzo de 2000, la abogada anteriormente mencionada decursó carta al Departamento de Hacienda solicitando la copia certificada de sus planillas de contribución sobre ingresos para los años 1994,1995,1996,1997 y 1998.
Posteriormente, para el 3 de abril, los abogados de la parte demandada, presentaron moción de desestimación de la demanda. En la misma alegaron que le hacían falta las planillas de contribuciones sobre ingresos, las radiografía de las fracturas, la autorización para obtener récord médicos, el informe del perito y el pago de servicios de taquígrafo de la deposición a la cual el co-demandante, Edgar Serrano Quiles, incompareció. En el inciso tres de la moción se acepta que la Leda. Zambrana le había entregado ya la radiografías y la autorización para la obtención de récords médicos. El 7 de abril de 2000, la Leda. Zambrana presentó una moción en la cual le informó al tribunal que le había entregado a los abogados del demandado las radiografías y la carta de autorización de obtención de los récords médicos y que faltarían las planillas de contribuciones sobre ingresos. Además le incluyó copia de la carta enviada al Departamento de Hacienda, le informó que le había enviado el pago de la factura del taquígrafo y solicita una prórroga. La Leda. Smallwood *738 el 14 de abril de 2000 replica la moción presentada por la Leda. Zambrana y solicita nuevamente desestimación de la causa de acción de los demandantes (por segunda ocasión).
El 1 de mayo de 2000, la parte demandante envía carta a la parte demandada notificando el envío del récord médico del demandante que estaba en poder del Dr. Angelo Coppola Muñoz. Al día siguiente, le envía carta al Sr. Luis Coito, Supervisor de Certificación de Copias del Departamento de Hacienda, para hacerle llegar los sellos de rentas intemas necesarios para la certificación de las planillas de contribución sobre ingresos. Para el 8 de mayo de 2000, la Leda. Zambrana presentó moción informativa al Tribunal en la que señala le había remitido a la parte demandada los récords médicos. Ese mismo día, el Tribunal de Primera Instancia de Carolina declara con lugar la moción en cumplimiento de orden presentada por la Leda. Zambrana el 7 de abril de 2000 y le concede 20 días adicionales para cumplir, y le recuerda a la abogada de la parte demandante que tenga en cuenta la indebida demora en cumplir, como los apercibimientos previos, lo cual dará lugar a sanciones de repetirse. Ese mismo día, el tribunal resuelve con relación a la moción en Cumplimiento de Orden y Desestimación del Caso por Abandono y Reiterado Incumplimiento de la parte demandante presentada el día 3 de abril de 2000, por la parte demandada, "No ha lugar, hay prórroga solicitada que hemos concedido". Posteriormente, el 16 de mayo de 2000, el tribunal de primera instancia resuelve la segunda moción de réplica de desestimación presentada por la Leda. Smallwood el 14 de abril de 2000. El tribunal resuelve "Enterado; véase nuestra orden del 8 de mayo de 2000" (el tribunal ya había concedido veinte días adicionales para el descubrimiento de prueba). Además señala que de haber ulteriores incumplimientos, deberá la co-demandada traerlo a nuestra atención y procederemos conforme a lo apercibido. También añadió que la desestimación como sanción, debe ser nuestro último recurso en aras de la política judicial de que los casos se vean en los méritos.
Para el 2 de junio de 2000, la Leda. Zambrana envía misiva al Sr. Luis Cotto, Supervisor de Certificación de Copias del Departamento de Hacienda para hacerle llegar sellos de rentas intemas adicionales que eran necesarios para completar la certificación de las planillas. Por tercera ocasión, el 8 de junio de 2000 la Leda. Smallwood presenta moción de desestimación y solicita que se le remitan las planillas de contribución sobre ingreso y el informe del perito. Esta moción la resuelve el foro de instancia el 19 de junio de 2000 haciendo referencia a que la Leda. Zambrana informó que el 8 de mayo había enviado los récords médicos y ordena mostrar causa a la parte demandante en cuanto a los otros extremos de la moción. El 22 de junio de 2000, los abogados de la parte demandante le envían a los abogados de la parte demandada una carta que adjunto contiene copias de las planillas de contribuciones sobre ingresos del Sr. Edgar Serrano, demandante-apelante. Al día siguiente, la Leda. Zambrana le envío una moción al Tribunal informando que ya le había entregado las planillas de contribuciones sobre ingresos a la parte demandada, según se le había solicitado. El día 27 de junio también presentó moción para cumplir con la orden de mostrar causa del 19 de junio de 2000. En ella le informa al tribunal que ha cumplido con enviarle a la parte demandante copia de las planillas de contribuciones sobre ingresos solicitadas, que las mismas se encontraban fuera de la jurisdicción del Departamento de Hacienda ya que estaban donde se guardan los expedientes inactivos, en un almacén en el municipio de Carolina. Además señaló que para fines de descubrimiento de prueba, lo único que le faltaría remitirle a la parte demandada sería el informe pericial que confeccionará el Dr. Tomás U. Poventud. Que en cuanto al informe pericial, todavía el Dr. Tomás U. Poventud no ha hecho el mismo, ya que requiere de una evaluación final del demandante. El tribunal resuelve esta moción el 11 de julio de 2000 indicando "Enterado; Nada que proveer."
La Leda. Smallwood, para el 9 de febrero de 2001 presentó su cuarta moción de desestimación porque no había recibido el informe del perito. El Tribunal de Primera Instancia resuelve la moción de desestimación el 20 de febrero de 2001 acogiéndola, por lo que emite una sentencia ordenando el archivo con perjuicio de la demanda "en atención a los apercibimientos previos, reiterando incumplimiento con los términos y órdenes del tribunal y el evidente abandono de la causa de acción por la parte demandante." Esta sentencia fue notificada y archivada el 26 de febrero de 2001. Inconforme con el resultado, el 2 de marzo de 2001, la parte demandante presenta Moción en Oposición a Cuarta Moción de Desestimación y Reconsideración de Sentencia Dictada, y el 19 de marzo de 2001, la Leda. Smallwood se opone a la moción presentada por la otra parte. El Tribunal de *739 Primera Instancia, el 14 de marzo de 2001, resolvió la moción de desestimación de reconsideración con un no ha lugar explicado, la cual fue notificada y archivada el 20 de marzo de 2001. Inconforme con la desestimación con peijuicio, la parte demandante-apelante presenta recurso de apelación ante el Tribunal de Circuito de Apelaciones el 16 de mayo de 2001 y señala que erró el Tribunal de Primera Instancia al desestimar el caso de auto como sanción. La parte demandada-apelada de epígrafe, en su alegato señala que procede como cuestión de derecho, la desestimación de la apelación por no haber presentado el recurso dentro del término jurisdiccional requerido. Además señala en la alternativa, que la sentencia de 20 de febrero de 2001, notificada el 26 de febrero de 2001, está fundamentada en el récord y constituye un acto dentro de la discreción del tribunal de instancia al amparo de la Regla 39.2 de Procedimiento Civil, supra.
II
En cuanto al planteamiento de falta de jurisdicción señalado por la parte apelada en su escrito de oposición, resolvemos que el mismo no procede, por entender que la moción en oposición a Cuarta Moción de Desestimación y Reconsideración de Sentencia Dictada cumple con los requisitos de la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 47, ya que dicha moción de reconsideración no requiere un formato en específico. La Regla 47 de Procedimiento Civil, supra, regula el procedimiento a seguirse para presentar una moción de reconsideración y la acción que debe tomar un tribunal al respecto. Esta regla dispone lo siguiente:
"La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o, desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, podrá presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de certiorari se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de certiorari, con término jurisdiccional ante el Tribunal de Circuito de Apelaciones, empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Por otro lado, si se tomare alguna determinación en la consideración de una moción de reconsideración, el plazo para presentar un recurso de certiorari con término de cumplimiento estricto ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se notifica la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano." [Enfasis Nuestro].
Al ser considerada la moción anteriormente mencionada como una moción de reconsideración se entiende que el término para apelar quedó interrumpido, por lo que el recurso de apelación estaría en término, no careciendo así el Tribunal de Circuito de Apelaciones de jurisdicción en este caso. Una vez resuelto este planteamiento, entraremos a considerar lo méritos de la controversia ante nos.
La Regla 39.2 de Procedimiento Civil, 32 L.P.R.A. Ap. IE, R. 39.2, expone la normativa relacionada con la desestimación de los pleitos de la siguiente manera:

"(a)...

(b) El juez administrador ordenará la desestimación y archivo de todos los asuntos civiles pendientes en los cuales no se hubiere afectado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vistas o de prórrogas no serán consideradas como un trámite a los fines de esta regla.

El juez administrador dictará una orden en todos dichos asuntos, requiriendo a las partes para que, dentro del término de diez (10) días de su notificación por el secretario, exponga por escrito las razones por las cuales 
*740
no deban desestimarse y archivarse los mismos.

(c)..." [Enfasis Nuestro].
No se debe desestimar una acción judicial, salvo que a la luz de todos los hechos expuestos, el reclamante carezca de derecho a remedio alguno. Soto López v. Colón, 143 D.P.R. 282, 291 (1997). Existe una clara y firme política de que los casos sean resueltos en sus méritos. Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 293 (1988); Imp. Vilca, Inc. v. Hogares Crea Inc., 118 D.P.R. 679, 686-687 (1986). La desestimación de un pleito bajo la Regla 39.2, debe prevalecer únicamente en casos extremos al quedar expuesto el desinterés y el abandono total de la parte de su caso. Arce v. Club Gallístico de San Juan, 105 D.P.R. 305, 307 (1976). El desestimar una causa de acción solamente debe hacerse en casos en que no haya duda de la irresponsabilidad y contumacia de la parte contra quien se toman las medidas drásticas. Acevedo v. Compañía Telefónica de P.R., 102 D.P.R. 787, 791 (1984). Es principio claro que tal poder discrecional de desestimar una demanda se debe ejercer juiciosa y apropiadamente. Maldonado v. Secretario de Recursos Naturales, 113 D.P. R. 494, 498 (1982)..
Se ha resuelto reiteradamente que la desestimación de un pleito sin ir a sus méritos, como medio de sanción, debe ser el último recurso a utilizarse después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia, y en todo caso no debería procederse a ella sin un previo apercibimiento. Ramírez de Arellano v. Srio. de Hacienda, 85 D.P.R. 823, 829-830. Nuestro Tribunal Supremo ha resuelto en reiteradas ocasiones que, como primera alternativa ante el incumplimiento procesal de una parte, el Tribunal de Primera Instancia debe imponer sanciones económicas a la parte, al abogado o a ambos, previo adoptar una disposición que pueda tener el efecto de privarla de su día en corte. Imp. Vilca Inc. v. Hogares Crea Inc., supra, 686; Dávila v. Hosp. San Miguel Inc., 117 D.P.R. 807, 814 (1986); Maldonado v. Srio de Rec. Naturales, supra. El tribunal, al momento de ejerce su poder discrecional de imponer sanciones, deberá hacer un balance de intereses entre su obligación de velar porque lo casos sean ventilados sin demora y el derecho de toda parte a tener su día en corte. Para poder hacer un adecuado balance de intereses se tendrá que tomar en consideración diferente factores, tales como el conocimiento o no de la parte promovente de la inactividad de su caso, la necesidad del tribunal de supervisar su calendario, el interés público en la resolución expedita de los casos y el perjuicio que la inacción haya causado. Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 674 (1989).
En el caso de Maldonado v. Srio. de Recursos Naturales, supra, el Tribunal Supremo de Puerto Rico señaló lo siguiente:
"Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicable, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o de la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o [sic] apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. La experiencia señala que en la gran mayoría de los casos ... las partes no están enteradas de la actuación negligente de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato. Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca podrá querellar, ante ningún foro, de que se le despojo injustificadamente de su causa de acción y/o defensas." [Enfasis Nuestro].
El fundamento para no imponer sanciones drásticas al cliente es que, de ordinario, la parte que ejercita su derecho en corte no está informada de los trámites rutinarios. Ramírez de Arellano v. Srio. de Hacienda, supra, 830. La tendencia ha sido a imponer primero sanciones económicas contra aquella parte que incumple y no la sanción más drástica que es la desestimación del caso. "Esta suavización de la sanción, así como el postergar la imposición de sanciones drásticas y severas como último recurso al cual se deba acudir, responde a la política judicial imperante, por un lado, de que los casos se ventilen en sus méritos y, por otro lado, de que éstos se *741 resuelvan de forma justa, rápida y económica." Amaro González v. First Fed. Savs., 132 D.P.R. 1042, 1052 (1993).
En el caso de autos el Tribunal de Primera Instancia actuó de manera prematura ál desestimarle la causa de acción con perjuicios a los apelantes. La parte demandante-apelante se mantuvo constantemente en comunicación con los abogados de la parte demandada-apelada, Sherwin Williams, sobre las gestiones que estaba realizando dirigidas a completar la evidencia de la fase de descubrimiento de prueba. La Leda. Zambrana ya había entregado las radiografías de la fractura, fotografías, las cartas de autorización de Edgar Serrano para la obtención de sus récords médicos, récord médico de Edgar Serrano que se encontraban en poder del Dr. Angelo Coppola Muñoz y copia de las planillas de contribuciones sobre ingresos de los años solicitados. Solamente la parte demandante le debía a la parte demandada, al momento de la desestimación, el informe del perito que no se lo había podido entregar porque el mismo todavía no estaba preparado. Si consideramos las circunstancias particulares del caso que nos ocupa y evaluamos las actuaciones de los demandantes-apelantes en el trámite de su caso, las mismas no reflejan desinterés, contumacia, ni mucho menos abandono total de la causa de acción por la parte peticionaria.
A pesar de que efectivamente el caso de autos llevaba más de seis meses inactivo en el Tribunal de Primera Instancia, ello no constituia por sí sólo fundamento suficiente para desestimar y archivar el caso con perjuicio como primera sanción. En este caso, el juez del foro de primera instancia no emitió orden de mostrar causa a tenor con la Regla 39.2 (b) de las Reglas de Procedimiento Civil, supra, para que dentro de diez (10) días de la notificación por el secretario, expusiera por escrito las razones por las cuales no se debía desestimar y archivar el pleito por inactividad, sino que se procedió a la desestimación del caso teniendo esto el efecto de una adjudicación en los méritos y que, por consiguiente, la parte demandante se quedara sin su día en corte.
El expediente ante nuestra consideración refleja que el tribunal a quo no impuso sanciones económicas contra la representación legal de la parte peticionaria o contra ésta como primera alternativa, ni informó a la parte demandante apelante de la conducta desplegada por la abogada en el manejo del caso en los últimos seis meses y sus consecuencias, antes de desestimar. Por todo lo expuesto anteriormente, este Tribunal considera que erró el tribunal de primera instancia al desestimar la causa de acción, como primera sanción, sin auscultar otros remedios, como imponer sanciones económicas, que permitieran ver el caso en sus méritos y que las controversias se solucionen de una manera justa, rápida y económica, que es el propósito de nuestro sistema procesal.
III
Por los fundamentos anteriormente expuestos, se revoca la sentencia emitida por el Tribunal de Primera Instancia el 20 de febrero de 2001, la que fue notificada y archivada el 26 de febrero de 2001. Se ordena la devolución del caso al foro de instancia para la continuación de los procedimientos en forma consistente con lo aquí dispuesto.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaría General